**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| River Runners for Wilderness, et al., | No. CV-06-0894 PCT-DGC |
| Plaintiffs, | |
| vs. | **ORDER** |
| Joseph F. Alston, et al., | |
| Defendants. | |

The Grand Canyon River Outfitters Association ("GCROA") and the Grand Canyon Private Boaters Association ("GCPBA") (collectively, the "Applicants") have filed motions to intervene as Defendants in this case. Dkt. ##19, 32. The Court has reviewed the memoranda filed by the parties. Dkt. ##20, 29, 31, 33, 39, 40. The Court will grant Applicants' motions for intervention under Federal Rule of Civil Procedure 24(b), but will require the Applicants to comply with the existing litigation schedule.

**Discussion.**

A court may grant permissive intervention under Rule 24(b) only if (1) the applicant provides an independent basis for jurisdiction, (2) the motion is timely, and (3) the applicant's claims or defenses have a question of law or fact in common with the main action. *See Venegas v. Skaggs*, 867 F.2d 527, 529 (9th Cir. 1989); Fed. R. Civ. P. 24(b)(2). Even when these requirements are satisfied, permissive intervention is a matter within the sound discretion of the district court. *See Kootenai Tribe of Idaho v. Veneman*, 313 F.3d

1094, 1112 (9th Cir. 2002). In exercising its discretion, the court must consider "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b)(2); *Kootenai Tribe*, 313 F.3d at 1111 n. 10.

Plaintiffs, who oppose intervention, do not dispute that the Applicants have satisfied the three requirements for intervention. Dkt. ##29, 39. Instead, they argue that the Court should exercise its discretion to deny intervention. *Id.*

Plaintiffs argue that the Court should deny intervention because the existing parties have already agreed on schedules for filing the Administrative Record and briefing. Dkt. #29 at 11. Permitting GCROA and GCPBA to intervene will not, however, unduly delay these proceedings. GCROA has agreed to the original parties' schedules for resolving the case, Dkt. #31 at 8, n.3, and the Court will require both Applicants to comply with the Court's existing Case Management Order. *See* Dkt. #30.

If intervention is permitted, Plaintiffs argue that the Court should limit it to the remedies phase of the lawsuit. On this issue, the Ninth Circuit's decision in *Kootenai Tribe* is instructive. The court denied intervention as of right during the liability phase of a lawsuit to a public interest group concerned with the preservation of roadless lands, but allowed the group to intervene permissively in all aspects of the case. *Kootenai Tribe*, 313 F.3d at 1108-11. The court found that "although intervenors do not have a direct interest in the government rulemaking, they have asserted an interest in the use and enjoyment of roadless lands . . . and they assert 'defenses' of the government rulemaking that squarely respond to the challenges made by plaintiffs in the main action." *Id.* at 1110-11.

Like the intervenors in *Kootenai Tribe*, Applicants have an interest in the use policies of the protected land at issue in this case. Applicants have also asserted defenses that respond to Plaintiffs' challenges to the Government's 2005 Colorado River Management Plan ("CRMP"), the Final Environmental Impact Statement for the Colorado River corridor in Grand Canyon National Park, and the Record of Decision adopting the CRMP. Dkt. ##22, 35. Both groups have been closely involved in the development of the CRMP and the allocation of permits. The GCROA will bring to the suit the perspective of commercial

outfitters whose livelihoods depend on Colorado River use permits.  Dkt. #20 at 2.  The GCPBA will bring the perspective of recreational canyon users.  Dkt. #33 at 8; *Kootenai Tribe*, 313 F.3d at 1108 ("Rule 24(b) plainly dispenses with any requirement that the intervenor shall have a direct personal or pecuniary interest in the subject of the litigation.") (internal citations omitted).

The Court believes the Applicants will aid in the resolution of this case.  Having determined that Applicants satisfy the requirements for intervention and that intervention will not unduly delay the case or prejudice the parties, the Court will grant Applicants' motions to intervene.

**IT IS ORDERED:**

1. The Grand Canyon River Outfitters Association's motion to intervene (Dkt. #19) is **granted** pursuant to Fed. R. Civ. P. 24(b).

2. The Grand Canyon Private Boaters Association's motion to intervene (Dkt. #32) is **granted** pursuant to Fed. R. Civ. P. 24(b).

3. Grand Canyon River Outfitters Association and Grand Canyon Private Boaters Association shall comply with the schedule set forth in the Court's Case Management Order (Dkt. #30).

DATED this 17th day of October, 2006.

_____
David G. Campbell
United States District Judge